UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 98-D-2286 (BNB)

LARRY T. BASS,

Plaintiff,

v.

WILLIAM T. RICHARDS, Sheriff; RUSSELL HEBERT, Undersheriff, TIM EVANS,
Deputy Sheriff; and THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY
OF ARCHULETA, STATE OF COLORADO,

Defendants.

_____

**ORDER**
_____

THIS MATTER comes before the Court on Defendants' Motion for Judgment as

a Matter of Law Under Rule 50 or, in the Alternative, for a New Trial Under Rule 59.  A

response to this motion was filed by Plaintiff on April 18, 2005, and Defendants filed a

reply on May 20, 2005.  Having reviewed the pleadings and the authorities cited therein,

and being fully advised in the premises, I deny Defendants' motion for the reasons

stated below.

I first note that this case was tried before a jury commencing January 10, 2005.

At the close of evidence on January 20, 2005, I denied Defendants' oral motion for

judgment as a matter of law, which raised many of the same issues raised in

Defendants' current motion.  The jury rendered a verdict on January 21, 2005, finding in

favor of Plaintiff and against all Defendants on Plaintiff's First Amendment Political

Association and First Amendment Free Speech claims, and his Conspiracy claim.  The

jury awarded Plaintiff $515,000.00 in actual damages and awarded punitive damages against Defendant Richards in the amount of $130,000.00, against Defendant Herbert in the amount of $135,000.00, and against Defendant Evans in the amount of $20,000.00.

Defendants' motion asserts that the Court should grant judgment as a matter of law pursuant to Fed. R. Civ. P. 50(b) as to their defense that they would have removed Plaintiff's commission even in the absence of Plaintiff's protected conduct.  Defendants further assert that Plaintiff failed to present sufficient evidence to support the award of punitive damages, and failed to present sufficient evidence to support the verdict against Defendant Evans.

In the alternative, Defendants request a new trial based on asserted errors in  the jury instructions setting forth their defense that they would have removed Plaintiff's commission even in the absence of Plaintiff's protected conduct, errors in certain jury instructions that allowed the jury to find liability based on Defendants' threats, and errors in the admission of certain exhibits.

I first address Defendants' request for judgment as a matter of law.  "Judgment as a matter of law is appropriate only if the evidence points but one way and is susceptible to no reasonable inferences which may support the opposing party's position."  *Elliot v. Turner Constr. Co.*, 381 F.3d 995, 1005 (10th Cir. 2004).  In deciding the motion, the Court must view the evidence in the light most favorable to the non-moving party, in this case Plaintiff Larry Bass.  *Id.*  The Court "may not 'weigh the evidence, pass on the credibility of witnesses, or substitute [its] conclusions for that of

the jury.'" *Webb v. ABF Freight System, Inc.*, 155 F.3d 1230, 1238 (10th Cir. 1998)

(quotation omitted), *cert. denied*, 526 U.S. 1018 (1999).  However, the Court "must

enter judgment as a matter of law in favor of the moving party if 'there is no legally

sufficient evidentiary basis ... with respect to a claim or defense ... under the controlling

law.'" *Harold's Stores, Inc. v. Dillard Dept. Stores, Inc.*, 82 F.3d 1533, 1546-47 (10th Cir.

1996) (quotation omitted), *cert. denied*, 519 U.S. 928 (1996).  A post-trial motion for

judgment notwithstanding the verdict cannot assert new matters not presented in the

motion for directed verdict.  *Anderson v. United Telephone Co. of Kansas*, 933 F.2d

1500, 1503 (10th Cir. 1991).

        I now turn to Defendants' contention that judgement should enter as a matter of

law on the issue of whether they would have removed Plaintiff's commission even in the

absence of Plaintiff's protected conduct.  In his Response, Plaintiff argues that this

issue should not be considered because Defendants failed to raise it in their Motion for

Judgment as a Matter of Law at the close of evidence.  While Defendants did not raise

this precise issue, they did assert that their was "no evidence that the sheriff retaliated

against plaintiff in this case."  January 20, 2005, transcript, p 11., ll. 22-23.  While Fed.

R. Civ. P. 50(a) requires a motion for judgment as a matter of law to state the "specific

grounds" upon which the judgment is requested, the Tenth Circuit has recognized the

rule does not define "specific grounds" and "we must determine in each case whether

the purposes the rule embodies have been served."  *Anderson v. United Telephone

Co.*, 933 F.2d 1500, 1504 (10th Cir. 1991).  Here, Defendants' oral Motion for Judgment

as a Matter of Law was sufficient to preserve the issue for reconsideration post-trial.

Defendants argue that "removal of [Plaintiff's] commission is consistent with the Sheriff's history of discipline and, thus, there is no factual question as to what the Sheriff would have done absent the protected conduct."  Def.s' Brief in Support of Mot. for J. as a Matter of Law at 3-4.  I reject this contention.  Whether Defendants would have removed Plaintiff's commission in the absence of his protected speech is a question of fact that was properly submitted to the jury.  *See Bass v. Richards*, 308 F.3d 1081, 1088 (10th Cir. 2002) (quoting *Horstkoetter v. Dep't of Pub. Safety*, 159 F.3d 1265, 1271 (10th Cir. 1998).  While Defendants presented evidence that they revoked Plaintiff's commission because he tampered with and withheld evidence in another criminal case, there was also evidence presented that allowed the jury to conclude that Defendants would not have revoked Plaintiff's commission in the absence of his support for, and association with, Mr. Vorhies.

Next, I turn to the issue of whether Plaintiff presented sufficient evidence to support the jury's award of punitive damages.  The appropriate standard for punitive damages in an action under 42 U.S.C. § 1983 is that "Defendant's conduct was motivated by evil intent or motive, or ... reckless or callous indifference to the federally protected rights of the Plaintiff."  *Wulf v. City of Wichita*, 883 F.2d 842, 867 (10th Cir. 1989).  *See also Miller v. City of Mission, Kansas*, 705 F.2d 368, 377 (10th Cir. 1983). Defendants argue that their conduct does not call for deterrence and punishment and was "justified in order to protect the reputation of law enforcement and of the judicial system."  Def.s' Brief in Support of Mot. for J. as a Matter of Law at 19-20.  I find that the evidence presented was legally sufficient to allow the jury to award punitive

damages to Plaintiff in this case.  I further find that there is a legally sufficient evidentiary basis with respect to the verdict against Defendant Evans.  Construing the evidence in the light most favorable to Plaintiff, he presented evidence that Defendant Evans had supervisory authority over him and made threatening statements to him regarding his support for Mr. Vorhies.  Pl.'s Resp. to Def.s' Mot. for J. as a Matter of Law at 14.

I now turn to the issues raised in Defendants' Motion for New Trial.  Rule 59(a) provides, "A new trial may be granted to all or any of the parties and on all or part of the issues (1) in any action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at trial in the courts of the United States. . . ."  Such motion "shall be filed no later than 10 days after entry of the judgment."  Rule 59(b).  As to arguments on a motion for new trial that the jury did not properly consider the evidence or that the verdict is contrary to the evidence, the plaintiff has to show that "the jury's verdict was so against the weight of the evidence as to be unsupportable." *Bangert Bros. Const. Co. v. Kiewit Western Co.*, 310 F.3d 1278, 1299 (10th Cir. 2002).  Arguments made on a new trial motion that were not raised or objected to at trial are not subject to consideration.  *See Angelo v. Armstrong World Indus., Inc.*, 11 F.3d 957, 962 (10th Cir. 1993) ("[u]nless the fairness of the trial is threatened, we will not exercise our discretion to review a challenge not raised by a timely objection"), *Vanderwater v. Hatch*, 835 F.2d 239, 244 (10th Cir. 1987) (same).

Defendants first assert that they are entitled to a new trial because of errors in Jury Instructions Nos. 17 and 18, which contain language relevant to their defense that

they would have revoked Plaintiff's commission even in the absence of the protected

speech.  Prior to filing this Motion, Defendants did not object to instructions 17 and 18

and they now assert for the first time that the instructions rise to the level of plain error.

I find that the failure by Defendants to object to Instructions 17 and 18 during the charge

conference is a bar to the Court considering asserted errors in those instructions.[1]

I now turn to the issue of whether a new trial is warranted based on language in

Jury Instructions Nos. 2, 16, 17 & 18 that instructed the jury that it could find in favor of

Plaintiff based upon Defendants' threats to revoke his commission.  Defendants claim it

was error to give these instructions because their was no evidence that the "threats"

chilled Plaintiff's speech.  Again, I find that Defendants' failure to object to Jury

Instructions Nos. 2, 17, and 18 is a bar to the Court considering asserted errors in those

instructions.

Defendants did object to Instruction No. 16, which stated:

> Plaintiff claims that Defendants, by threatening to and
> ultimately revoking his reserve deputy commission, deprived
> him of his First Amendment right to political association and
> political beliefs, and/or his First Amendment right to freedom
> of speech and political expression, and conspired to deprive
> Plaintiff of his First Amendment rights.

It is clear that under the law of the Tenth Circuit that "the government impinges on

protected activity whenever it punishes or threatens to punish protected speech." *Bass*

---

[1]An appellate court will review an instruction under the plain error standard if it is "patently plainly erroneous and prejudicial." *Aspen Highlands Skiing Corp. v. Asking Skiing Co.*, 738 F.2d 1509, 1516 (10th Cir. 1984).  Even if this Court were to apply the plain error appellate standard by analogy, I find that Jury Instructions Nos. 17 & 18 were not patently erroneous and prejudicial.

*v. Richards*, 380 F.3d 1281, 1288 (10th Cir. 2002). I also note that the consequence of such threats may be "an indirect discouragement, rather than a direct punishment." *See Phelan v. Laramie County Community College Bd. of Trustees*, 235 F.3d 1243, 1247 (10th Cir. 2000). Instruction 16 is a correct statement of the law, and I find no merit to Defendants' assertion that a new trial is warranted based on this instruction.

I now turn to the issue of whether Defendants are entitled to a new trial based on the admission of a December 21, 1997, memorandum from Officer Tully to Plaintiff (Exh. 2); a December 7, 1997 memorandum from Deputy Rogers to Plaintiff (Exh. 3); an undated memorandum from Plaintiff to General Manager Vega (Exh 6); the March 3, 1998 hearing transcript in the *People v. Quick* matter (Exh. 13); and the February 1998, Department of Public Safety Officer & Sheriff's Commission, Statement of the PLPOA Board of Directors (Exh. 15). In their Motion, Defendants object to a sixth exhibit, which they describe as an "undated memo to [Plaintiff] regarding Evan's statement to him." Defendants purport to attach all six exhibits to their Motion as exhibit H. However, I do not find any memo from Plaintiff to himself with the documents collected in exhibit H. In addition, neither Plaintiff's nor Defendants' trial exhibit list appears to contain such a document. Defendants contend that all of these exhibits were erroneously admitted under the business records exception to the hearsay rule because they all were "clearly made in anticipation of litigation or at least in anticipation of resolving the employment dispute." *See* FED. R. EVID. 803(6). Def.s' Brief in Support of Mot. for New Trial at 21. Plaintiff asserts that Defendants have failed to substantiate their claim that they objected to each of these exhibits on hearsay grounds. Defendants do not attach

relevant portions of the trial transcripts, so the exact basis for their objection to admission of these exhibits at trial is unclear.  Rule 61 states, "[n]o error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court  . . . is ground for granting a new trial . . . . unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties."

I find that admission of these exhibits was not error.  However, even if admission of any of these exhibits was in error, I find that such admission did not affect the parties' substantial rights.  I further find that admission of Plaintiff's Summary of Damages (Exh. 95) was not error.  Plaintiff's Summary of Damages was used to show how Plaintiff calculated his requested $226,739 current and future economic damages.  Defendants object that this exhibit used a projected future annual salary of $45,000, the salary of a corporal in the La Plata County Sheriff's Office, when it was entirely speculative that Plaintiff could have ever have secured the position of corporal.  Defendants' objection goes to the weight, not the admissibility, of the evidence.  I find that there was sufficient evidence to support the jury's compensatory damage award, and that any error in the admission of Plaintiff's Summary of Damages was harmless and did not effect Defendants' substantial rights.  The jury awarded Plaintiff $515,000 in compensatory damages, but did not apportion the award between economic and non-economic damages.  Therefore, it is not possible to determine what weight, if any, the jury gave Plaintiff's Summary of Damages.

In conclusion, for the reasons stated above, it is

ORDERED that Defendants' Motion for Judgment as a Matter of Law Under Rule

50 is **DENIED**.  It is

FURTHER ORDERED that Defendants' Motion for a New Trial Under Rule 59, is

**DENIED**.

Dated:  June 22, 2005

                                   BY THE COURT:


                                   s/ Wiley Y. Daniel
                                   Wiley Y. Daniel
                                   U. S. District Judge