UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 98-cv-02286-WYD-BNB

LARRY T. BASS,

Plaintiff,

v.

WILLIAM T. RICHARDS, Sheriff; RUSSELL HEBERT, Undersheriff, TIM EVANS, Deputy Sheriff; and THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF ARCHULETA, STATE OF COLORADO,

Defendants.
_____

**ORDER**
_____

THIS MATTER comes before the Court on a hearing on Plaintiff's Motion for Reasonable Attorneys Fees and Costs Pursuant to 42 U.S.C. § 1988, and for Prejudgment Interest, on Tuesday, June 28, 2005.  For the reasons stated on the record at the hearing and in this Order, it is

ORDERED that Plaintiff's Motion for Reasonable Attorneys Fees filed February 18, 2005, is **GRANTED IN PART AND DENIED IN PART**.  More specifically, Plaintiff's request for fees in the amount requested in the motion is **DENIED**.  However, based on the factors set forth in *Hensley v. Eckerhart*, 461 U.S. 424 (1983), *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998), and *Ramos v. Lamm*, 713 F.2d 546, 555 (10th Cir. 1983), Plaintiff's request for an award of reasonable attorney fees is **GRANTED** in the amount of $774,500.00.  This encompasses an award of fees for 4390 hours, which reflects a 20% reduction in the total number of hours expended, at a

reduced hourly rate of $280 for lead attorney Steve Long, $240 for attorneys Bill Quirk, Gerald Sawatzky, and Jay Baker; $180 for associate attorneys, and $125 for paralegals.  It is

FURTHER ORDERED that Plaintiff's Motion for Costs pursuant to 42 U.S.C. § 1988 filed February 18, 2005, is **GRANTED IN PART AND DENIED IN PART**.  Items that are normally itemized and billed to clients should be included in fee allowances in civil rights cases if reasonable in amount.  *Brown v. Gray*, 227 F.3d 1278, 1297-98 (10th Cir. 2000); *Ramos*, 713 F.2d at 559.  In addition, a district court may reimburse expert witness fees if it concludes that expert testimony was reasonably necessary.  *Ramos*, 713 F.2d at 559.  Plaintiff's request for an award of $12,394.57 for copying and reproduction expenses is **GRANTED**.  Plaintiff's request for $770.81 for long-distance telephone charges is **GRANTED**.  Plaintiff's request for $6,548.00 for trial technology expenses is **GRANTED**.  Plaintiff's request for travel expenses in the amount requested in the Motion is **DENIED**.  However Plaintiff's request for travel expense is **GRANTED** in the amount of $7,316.80.  Plaintiff's request for expert witness fees is **DENIED** in the amount requested in the Motion.  However Plaintiff's request for expert witness fees is **GRANTED** in the amount of $43,334.00.  It is

FURTHER ORDERED that Plaintiff's Motion for Prejudgment Interest filed February 18, 2005, is **GRANTED IN PART AND DENIED IN PART**.  Plaintiff's request for prejudgment interest in the amount requested in the Motion is **DENIED**.  However, Plaintiff's request for prejudgment interest is **GRANTED** in the amount of $144,485.60, at a daily rate of $47.83.

More specifically, it is

ORDERED that judgment shall enter in the following amounts:

Actual Damages of $515,000.00

Punitive Damages of $130,000.00 against Defendant William T. Richards

Punitive Damages of $135,000.00 against Defendant Russell Herbert

Punitive Damages of $20,000.00 against Defendant Tim Evans

Attorneys' Fees of $774,500.00 (reflecting a 20% reduction in the total number of hours expended at reduced hourly rates)

Expenses pursuant to 42 U.S.C. § 1988 of $70,364.18

Prejudgment Interest of $144,485.60

Dated:   June 29, 2005

                          BY THE COURT:

                          s/ Wiley Y. Daniel
                          Wiley Y. Daniel
                          U. S. District Judge