UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 98-D-2286 (BNB)

LARRY T. BASS,

Plaintiff,

v.

WILLIAM T. RICHARDS, Sheriff; RUSSELL HEBERT, Undersheriff, TIM EVANS, Deputy Sheriff; and THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF ARCHULETA, STATE OF COLORADO,

Defendants.
_____

**ORDER**
_____

THIS MATTER comes before the Court on Defendants' Motion for Stay Pending Appeal, filed October 5, 2005 ("Motion for Stay").  Plaintiff filed a Response to the Motion on October 19, 2005, and Defendants filed a Reply on October 27, 2005.  On November 3, 2005, Plaintiff filed a Motion for Leave to File Sur-Reply In Opposition to Motion for Stay Pending Appeal, which was granted by Minute Order on November 4, 2005.  For the reasons set forth below, I find that the Motion to Stay should be **DENIED.**  I first note that this case was tried before a jury commencing January 10, 2005.  The jury rendered a verdict on January 21, 2005, finding in favor of Plaintiff and against all Defendants on Plaintiff's First Amendment Political Association and First Amendment Free Speech claims, and his Conspiracy claim.  The jury awarded Plaintiff $515,000.00 in actual damages and awarded punitive damages against Defendant Richards in the amount of $130,000.00, against Defendant Herbert in the amount of

$135,000.00, and against Defendant Evans in the amount of $20,000.00. Judgment entered in favor of Plaintiff and against Defendants on July 1, 2005, and Defendants filed their Notice fo Appeal on July 27, 2005. As of October 20, 2005, the record on appeal is complete.

Generally, an appellant may obtain a stay pending appeal by posting a supersedeas bond in an amount approved by the Court. Fed. R. Civ. P. 62(d). In their Motion for Stay, Defendants request an Order staying all proceedings to execute Judgment pending resolution of their appeal <u>without</u> posting a bond pursuant to Fed. R. Civ. P. 62(f) which provides that:

> In any state in which a judgment is a lien upon the property of the judgment debtor and in which the judgment debtor is entitled to a stay of execution, a judgment debtor is entitled, in the district court held therein, to such stay as would be accorded the judgment debtor had the action been maintained in the courts of that state.

Defendants contend that under Colorado law, a bond is not required before issuing a stay pending appeal when a public official takes the appeal and requests the stay. Colo. App. R. 8(c) provides that " . . . all public officials when suing or defending in their official capacities for the benefit of the public shall not be required to furnish bond."

Initially, Plaintiff did not dispute the applicability of Colo. App. R. 8, but objected to the stay asserting in Colorado a judgment is not a lien on the debtor's property and, therefore, Rule 62(f) did not apply. However, in his Sur-Reply Plaintiff asserts that Defendants cannot avail themselves of Colo. App. R. 8 because they were not defending in their "official capacities." Plaintiff states that his Complaint sought to

impose liability on the individual Defendants for actions taken in their individual capacities.

Plaintiff's Complaint named Richards, Herbert, Evans, and Archuleta County as Defendants and alleged several claims for relief including violation of 42 U.S.C. § 1983 – free speech and free expression (against all Defendants), violation of 42 U.S.C. § 1983 – conspiracy (against Richards, Hebert, and Evans), and various claims under the Colorado Constitution and Colorado state common law.  On March 29, 2001, I granted summary judgement in favor of Defendant Archuleta County and found that the County was entitled to absolute, statutory immunity from the state tort claims.  I also found that the County was entitled to summary judgment as to Plaintiff's § 1983 claim against it because there was no evidence that the County had violated Plaintiff's rights to free speech and expression through execution of an official policy or custom.  *See Jantzen v. Hawkins*, 188 F.3d 1247, 1259 (10th Cir. 1999).  However, I rejected Defendants Richards', Hebert's and Evans' assertion that they were entitled to qualified immunity on Plaintiff's § 1983 claims against them.  Following entry of the March 29, 2001, Order the only claims that remained in the case were Plaintiff's § 1983 claims asserted against Defendants Richards, Hebert and Evans.  Thus, the claims that Defendants Richards, Hebert and Evans defended against at trial, which are the subject of their current appeal, were claims brought against them in their individual capacities, not claims they defended against in their "official capacities for the benefit of the public" as described in Colo. App. R. 8(c).  Because Defendants cannot avail themselves of the provisions of Colo. App. R. 8(c), they may obtain a stay only by posting a supersedeas

bond pursuant to Fed. R. Civ. P. 62(d).

In conclusion, for the reasons stated above, it is

ORDERED that Defendants' Motion for Stay Pending Appeal, filed October 5, 2005, is **DENIED**.  Defendants may seek a stay pursuant to Fed. R. Civ. P. 62(d).

Dated:  November 17, 2005

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge